[See 3 Cranch (7 U. S.) 492.]

## Case No. 9,243.

### MASON v. MANSFIELD.

[4 Cranch, C. C. 580.] [1]

Circuit Court, District of Columbia. Oct. Term, 1835.

DAMAGES—ANCHORING WITHIN LIMITS OF FISHERY—REASONABLE CAUSE—MALICE.

1. If a master of a vessel navigating the Potomac, in the usual course of navigation, anchors in the plaintiff's fishing ground, without malice, for the purpose of taking in the residue of the cargo; and when required to depart, his not doing so immediately be not attributable to malice, but to a reasonable cause, and he removed his vessel as soon as the circumstances of wind, weather, and tide would permit, he is not liable for damages.

2. But if the defendant, knowingly and without necessity or reasonable commercial purpose, anchor his vessel within the limits of the plaintiff's fishery so as to interrupt the same; or if the defendant, having so anchored his vessel within the said limits, knowingly, and without necessity, or any reasonable commercial purpose, remained within the same, so as to interrupt the plaintiff's fishery, the plaintiff is entitled to recover.

This was an action on the case [by Richard B. Mason against Charles Mansfield], for "that the defendant, not ignorant of the premises, (that is, of the plaintiff's right of fishing,) but maliciously intending to injure the plaintiff in this behalf, and to deprive him of the use of his said fishery, did, on the —— day of —— and continually thereafter, for and during the space of —— days then next following, wrongfully and injuriously stop and anchor a certain vessel, then under the command of the defendant, in the berth and range of the said fishery, so that he entirely obstructed and hindered said fishery," &c.

Upon the trial of the general issue, Mr. Neale, for defendant, prayed the court to instruct the jury, that if they should believe, from the evidence, that the defendant pursued the usual course of navigation when he entered the berth of the plaintiff's fishery, and that he anchored his vessel in the channel for the purpose of taking in the residue of his cargo, and not with the malicious intent to injure the plaintiff's right of fishery; and that

when required to depart thereout, his not doing so immediately was not attributable to any malice on his part towards the plaintiff, but for the reasons stated in the deposition of the mate, and that he removed his vessel as soon as wind, weather, and tide would permit; then they will find for the defendant.

Mr. Taylor, for plaintiff, contended that it was not necessary for the plaintiff to prove malice, although it is averred in the declaration.

But THE COURT gave the instruction as prayed.

MORSELL, Circuit Judge, contra, being of opinion that malice was not the gist of the action, and therefore need not be proved.

Mr. Neale cited Harman v. Tappenden, 1 East, 562; 1 Chit. 146; Reynolds v. Kennedy, 1 Wils. 233; Goslin v. Wilcock, 2 Wils. 305.

Mr. Taylor, contra, cited 1 Chit. 129, 130, 376; 4 Starkie, 418; Williamson v. Allison, 2 East, 446; Peppin v. Solomons, 5 Term R. 496; Bristow v. Wright, 2 Doug. 665; Barrett v. Wills, 4 Leigh, 114.

THE COURT, (nem. con.) at the prayer of Mr. Taylor and Mr. Mason, for plaintiff, instructed the jury, that if they should be satisfied by the evidence, that the defendant knowingly and without necessity, or any reasonable commercial purpose, anchored his vessel within the limits of the plaintiff's fishery, so as to interrupt the same; or that the defendant, after he had anchored within the limits of the plaintiff's fishery as aforesaid, knowingly and without necessity, or any reasonable commercial purpose, remained within the same, so as to interrupt the fishery, then the plaintiff is entitled to recover.

